NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2794
_____

In re:  JOHN DAHLGREN,
                                        Debtor

Broege, Neumann, Fischer & Shaver and
David E. Shaver,
                                        Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 3-10-cv-01988
District Judge: The Honorable Freda L. Wolfson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 29, 2012

Before: SMITH and FISHER, *Circuit Judges*
RAKOFF, *District Judge*[*]
(Filed:  August 23, 2012)

_____

OPINION
_____

SMITH, *Circuit Judge.*

_____

[*] The Honorable Jed S. Rakoff, Senior District Judge for the United States District
Court for the Southern District of New York, sitting by designation.

Appellant David E. Shaver and his law firm, Broege, Neumann, Fischer & Shaver, (collectively "Shaver"), seek reversal of an award of sanctions under Bankruptcy Rule 9011. The Bankruptcy Court imposed sanctions on Shaver for a reorganization plan that he proposed. The District Court affirmed. *In re Dahlgren*, No. 10-1988, 2010 WL 5287411, at *8 (D.N.J. Dec. 17, 2010), *reconsideration denied*, 2011 WL 2160884 (D.N.J. June 1, 2011). We will likewise affirm.[1]

In August 2001, paramours John Dahlgren and Regina Palone purchased a farm in Howell, New Jersey. After Dahlgren and Palone ended their relationship in late 2004, Palone moved out and attempted to convince Dahlgren to sell the property, but he refused. Later, as a result of missed mortgage payments, the property's first mortgagee filed a foreclosure action. On February 26, 2008, Palone instituted a partition action in the Superior Court of New Jersey, Chancery Division, Monmouth County. Dahlgren failed to appear at the hearing and his attorney[2] filed an untimely answer, so the court entered a default against him. On October 14, 2008, the court ordered that the property be listed for sale. The court

---

[1] The Bankruptcy Court had jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157, and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring Title 11 cases to the Bankruptcy Court. The District Court had jurisdiction over an appeal from the Bankruptcy Court under 28 U.S.C. § 158(a). We have jurisdiction over an appeal from the District Court under 28 U.S.C. § 158(d).

[2] Shaver did not represent Dahlgren at this point.

scheduled a hearing for April 9, 2009 to allocate the proceeds from the eventual sale.

On the day of the scheduled hearing, Dahlgren, now represented by Shaver, filed for bankruptcy under Chapter 13 of the Bankruptcy Code. This filing automatically stayed the state proceedings. *See* 11 U.S.C. § 362. Shaver proposed a reorganization plan that would divest Palone of her interest in the Property, treating her instead as a creditor. On May 6, Palone's counsel sent Dahlgren a safe-harbor letter, *see* Fed. R. Bankr. P. 9011(c)(1)(A), informing Shaver that he believed that the proposed plan violated Bankruptcy Rule 9011(b). *See* Fed. R. Bankr. P. 9011(b). On June 25, 2009, Palone filed for sanctions. Palone also filed a motion to dismiss the plan.

The Bankruptcy Court did not approve the original plan, but denied Palone's motion to dismiss. The Bankruptcy Court held that – although the timing of the plan's filing was suspicious – the plan was not filed or prosecuted in bad faith. *See In re Dahlgren*, 418 B.R. 852, 857 (Bankr. D.N.J. 2009). The Bankruptcy Court ruled, however, that the plan was "patently unconfirmable based on [Dahlgren's] proposed treatment of [Palone's] interest in the farm." *Id.* at 858. Moreover, the Bankruptcy Court did not believe it could "abrogate[]" the state-court sale order. *Id.* at 860. The Bankruptcy Court accordingly rejected the plan as written and invited Dahlgren to file an alternative plan. *See id.* at 861. Soon after the

Bankruptcy Court issued its decision, Shaver wrote to Palone's counsel asking for withdrawal of the notice of intent to seek sanctions based on the Bankruptcy Court's failure to find bad faith. Palone's counsel declined to withdraw the notice, citing the significant flaws that the Bankruptcy Court had identified in the plan.

Dahlgren soon submitted an amended plan. The only changes were to authorize the sale of the property to a third party if Dahlgren defaulted and to set a monetary figure for Palone's interest in the property. As a result, the Bankruptcy Court granted Palone's motion for sanctions, imposing $400 in costs and $12,500 in fees, representing half of Palone's attorneys' fees. The Bankruptcy Court ordered the sanctions in open court; it did not memorialize its reasoning in a written opinion.

The District Court affirmed the Bankruptcy Court. In addition to concluding that both plans violated the *Rooker-Feldman* doctrine, the District Court found that the Bankruptcy Court imposed sanctions because of Shaver's resubmission of a similar plan after the Bankruptcy Court declined to approve the first plan.

"Because the district court sat as an appellate court in reviewing this matter, our own review of that court's factual and legal determinations is plenary." *Fellheimer, Eichen & Braverman, P.C. v. Charter Techs., Inc.*, 57 F.3d 1215, 1223 (3d Cir. 1995). In reviewing the Bankruptcy Court's determinations, we exercise an abuse-of-discretion standard, *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S.

4

384, 405 (1990), "the same standard of review as the district court[.]" *Fellheimer*, 57 F.3d at 1223.

Shaver objects to the District Court's conclusion that the Bankruptcy Court relied on the *Rooker-Feldman* doctrine in rejecting the plan and ultimately imposing sanctions. But it is clear that the Bankruptcy Court relied in part on *Rooker-Feldman* in rejecting the initial plan. *See Dahlgren*, 418 B.R. at 860 ("[T]he problem here is that the Debtor had the opportunity to request [a remedy in which the farm is sold to him] in the pending state court action, but failed to do so. Bankruptcy does not afford [Dahlgren] a second chance to seek novel relief that he missed in state court. . . . [S]ale of the property has been ordered by the state court. This court would not be justified in confirming a plan that abrogates that order." (internal citation omitted)). It did the same in levying sanctions. Shaver also objects to the District Court's application of the *Rooker-Feldman* doctrine. But *Rooker-Feldman* precludes federal courts "from entertaining an action . . . if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006). Dahlgren's plan, as submitted by Shaver, would have voided the state court's sale order.

But extensive analysis of *Rooker-Feldman* is not required here. The Bankruptcy Court issued an opinion that clearly foreclosed a forced sale from

5

Palone to Dahlgren. *See Dahlgren*, 418 B.R. at 858 (holding the plan "patently unconfirmable based on [Dahlgren's] proposed treatment of [Palone's] interest in the farm"). Shaver makes no attempt to dispute what appears clear from the face of the opinion – that a plan including a forced sale to Dahlgren cannot be approved. And yet Shaver submitted a revised plan that once again contemplated a forced sale from Palone to Dahlgren. Reviewing the transcript, it is clear that the Bankruptcy Court was concerned about the continued conflict between the second plan and its opinion, and that this was one of a number of reasons for levying sanctions. While our standard of review here does not mandate deference to the District Court, it is worth noting that this reading accords with the District Court's view of the case. *See Dahlgren*, No. 10-1988, 2010 WL 5287411, at *4 ("Dahlgr[e]n's counsel's decision to resubmit the same reorganization plan to the Bankruptcy Court a second time was the basis of the Bankruptcy Court's sanctions ruling."); *id.* at *5 ("Debtor's Counsel's decision to resubmit the same plan a second time was sufficiently egregious to justify the imposition of sanctions by the Bankruptcy Court.").

These actions amount to sanctionable conduct. While the initial submission of the plan could be "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law," Fed. R. Bankr. P. 9011(b)(2), pursuing a revised plan that included the sale-to-Debtor provision was

6

frivolous in light of the Bankruptcy Court's initial opinion declaring such a provision "patently unconfirmable." If Dahlgren and his counsel Shaver disagreed with the Bankruptcy Court's ruling, they were free to ask the Bankruptcy Court to reconsider that ruling or to seek review by the District Court. They did neither. Instead, they resubmitted a plan that the Bankruptcy Court had unambiguously rejected. We believe that this was not "reasonable[] under the circumstances[.]" *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991) (citing *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533 (1991)). Following the Bankruptcy Court's opinion, Shaver could not have had an "'objective knowledge or belief . . .' that the claim was well-grounded in law and fact." *Id.* (quoting *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1359 (3d Cir. 1990)).

While the District Court's analysis of *Rooker-Feldman* is persuasive in concluding that the doctrine barred confirmation of the plan here, whether *Rooker-Feldman* actually applied is beside the point. From the Bankruptcy Court's perspective, Dahlgren and his counsel Shaver took the following actions: First, Dahlgren sought refuge from an unfavorable decision in state court by making a suspiciously-timed bankruptcy filing. Then Dahlgren, through Shaver, filed a plan that is at best legally questionable. After the Bankruptcy Court rejected that plan in an opinion making clear that no plan with a sell-to-Debtor provision was

7

confirmable, Dahlgren, through Shaver, filed another plan containing just such a provision. As a result, the Bankruptcy Court imposed sanctions. On these facts, we can find no abuse of discretion.

Shaver also argues that the amount of sanctions was excessive. But he does not argue that the Bankruptcy Court incorrectly calculated the sanctions. And the Bankruptcy Court did not even impose full attorneys' fees as a sanction. Rather, it very reasonably imposed a sanction of only half of Palone's attorneys' fees. We likewise cannot conclude that this was an abuse of discretion.

For the foregoing reasons, we will affirm both the imposition of sanctions and their amount.[3]

---

[3] The Appellee, Regina Palone, has also filed two motions, the first requesting summary affirmance and the second requesting sanctions under Federal Rule of Appellate Procedure 38 for the filing of a frivolous appeal. The request for summary affirmance is mooted by the issuance of this opinion, and is therefore denied. Regarding the Rule 38 motion, while we cannot conclude that the Bankruptcy Court abused its discretion in sanctioning Appellants for their actions, we likewise cannot conclude that this appeal was entirely frivolous. The request for appellate sanctions is therefore denied.