CLD-217 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3994
_____

DAVID MORRIS BARREN,
                                        Appellant
v.

ALLEGHENY COUNTY PENNSYLVANIA;
WILKINS TOWNSHIP POLICE DEPARTMENT;
WILKINSBURG POLICE DEPARTMENT;
OFFICE OF THE DISTRICT ATTORNEY ALLEGHENY COUNTY;
PENNSYLVANIA OFFICE OF THE ATTORNEY GENERAL;
SERGEANT RANDY LAMB; OFFICER ALBERT STANONIK;
OFFICER DAVID BROKAW; AGENT FRAN SPERANZA;
AGENT RICK BOSCO; DETECTIVE CHARLES KNOX;
A.D.A. THOMAS T. SWAN; JUDGE ROBERT COVILLE,
INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES;
PHILIP A. IGNELZI; KATE FORD ELLIOTT;
SUSAN P. GANTMAN; JACQUELINE O. SHOGAN
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-14-cv-00692)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 28, 2015
Before:  FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: June 12, 2015)
_____

PER CURIAM

David Morris Barren, an inmate, appeals the dismissal of his civil rights lawsuit. We will affirm.

Barren filed suit under 42 U.S.C. § 1983 and alleged that, in 2003, several police officers unlawfully seized him, searched his hotel rooms and his car, and seized his property. He sought to hold vicariously liable the officers' police departments, the county, and the Pennsylvania Attorney General. In addition, Barren alleged that a 2003 forfeiture proceeding—which resulted in his forfeiture of a heat sealer, a money counter, and $62,105—violated his due process rights.

Barren later filed an "amended complaint," alleging additional claims stemming from the denial of his state-court actions for replevin and return of property—actions he filed in 2012. As relief, Barren asked the District Court to render those decisions null and void.

The District Court dismissed Barren's complaint pursuant to its screening obligations under 28 U.S.C. § 1915A. The District Court found that Pennsylvania's two-year statute of limitations on tort claims barred his allegations regarding the illegal searches and seizures as well his claims stemming from the forfeiture proceedings. The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

District Court rejected Barren's assertion that, because the defendants' "misconduct was continuous and ongoing," it should toll the statute of limitations under the doctrine of fraudulent concealment. Rather, the District Court found that Barren would have known of his injuries, which stemmed from the allegedly illegal searches and seizures, at the time they occurred. In addition, the District Court found that the Rooker-Feldman doctrine barred Barren's requests for an order invalidating the forfeiture proceedings. Likewise, the District Court declined to review either the dismissal of Barren's actions for replevin and return of property or the Superior Court's decision to affirm.

Barren appealed. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if the appeal presents no substantial questions. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

We agree with the District Court that Barren failed to timely file his claims regarding the allegedly unlawful searches and seizures. For section 1983 actions based on conduct in Pennsylvania, the statute of limitations is two years from the date the claim accrued. See 42 Pa. Cons. Stat. § 5524(2); Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009). A claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." Kach, 589 F.3d at 634 (internal quotation marks omitted). Barren alleged that the unlawful searches and seizures occurred in 2003, and his claim accrued when those actions took place. His complaint, which he filed eleven years later, is thus untimely. Moreover, to the extent Barren alleged that the District

3

Court should toll that statute of limitations because of the defendants' fraud or concealment, the District Court properly rejected that argument. Under Pennsylvania's fraudulent concealment doctrine, the statute of limitations is tolled where the defendant undertakes an "affirmative and independent act of concealment that would prevent the plaintiff from discovering the injury despite the exercise of reasonable diligence." Bohus v. Beloff, 950 F.2d 919, 926 (3d. Cir. 1991). Here, as the District Court found, Barren knew or reasonably should have known that he was injured by the allegedly unlawful searches and seizures at the time they occurred. Accordingly, the District Court properly refused to toll the statute of limitations with respect to those claims.

We also agree with the District Court that the Rooker-Feldman doctrine bars Barren's requests to invalidate the state court forfeiture proceedings, the Court of Common Pleas' dismissal of Barren's replevin and "return of property" actions, and the Superior Court's decision affirming that dismissal. The Rooker-Feldman doctrine deprives federal district courts of jurisdiction "over suits that are essentially appeals from state-court judgments." Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 165 (3d Cir. 2010). The Rooker-Feldman doctrine applies when four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Id. at 166 (alterations in original) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). Barren's

claims satisfy these four requirements. Therefore the District Court correctly ruled that it lacked jurisdiction over Barren's claims.

Because Barren's appeal presents us with no substantial question, we will summarily affirm the judgment of the District Court. <u>See</u> 3rd Cir. LAR 27.4 and I.O.P. 10.6.

5