DLD-239                                                                                     NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4221
_____

DAVID MORRIS BARREN,
                                                        Appellant
v.

PENNSYLVANIA STATE POLICE; TROOPER WESLEY BERKEBILE;
TROOPER SERGEANT ANTHONY DELUCA; TROOPER MIKE SCHMIDT;
TROOPER JOHN A. LITCHKO; MICHAEL J. VOLK; TROOPER STUART FROME;
OFFICE OF ATTORNEY GENERAL, Asset Forfeiture and Money Laundering Section;
ATTORNEY GENERAL PENNSYLVANIA; DEPUTY A.G. JESSE D. PETTIT;
DISTRICT ATTORNEY SOMERSET COUNTY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-14-cv-00134)
District Judge:  Honorable Nora B. Fischer
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 11, 2015
FISHER, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: June 18, 2015)
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

David Morris Barren is a federal prisoner proceeding pro se. In June 2014, Barren commenced this civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Pennsylvania. Barren claimed that his constitutional rights had been violated during a February 2003 traffic stop that led to an unlawful arrest, search, seizure, and ultimate forfeiture of property recovered in the traffic stop. Barren claimed that his constitutional rights had also been violated during the recent state-court proceedings that he initiated to retrieve the forfeited property.[1] Barren alleged violations of the Fourth, Fifth, Sixth, and Fourteenth Amendments, and named as defendants: the Pennsylvania State Police; Trooper Wesley Berkebile; Trooper Sergeant Anthony Deluca; Trooper Mike Schmidt; Trooper John A. Litchko; Trooper Stuart Frome; Trooper Michael J. Volk; Office of Attorney General, Asset Forfeiture and Money Laundering Section; former Attorney General Gerald J. Pappert; former Deputy Attorney General Jesse D. Petit; and District Attorney Lisa Lazarri-Strasier. By way of relief, Barren requested: an "injunction" against the Court of Common Pleas' 2004 forfeiture order; an order declaring that the defendants acted in violation of the United States Constitution; and $500,000.00 in damages.

---

[1] Barren explained that, in December 2011, he filed a motion for return of property in the Court of Common Pleas because he was unaware of the 2004 forfeiture judgment. As of the date of this Opinion, that matter appears to be presently before the Pennsylvania Supreme Court on Barron's petition for allowance of appeal. See In re Barren, No. CP-56-MD-0000008-2012.

A magistrate judge reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), and recommended that it be dismissed before service because: (1) Barren's claims concerning the allegedly unlawful 2003 arrest, search, and seizure, as well as the allegedly unlawful 2004 forfeiture proceedings, were time-barred under 42 U.S.C. § 1983, see Fitzgerald v. Larsen, 769 F.2d 160, 162 (3d Cir. 1985) (explaining that Pennsylvania's two-year limitation period for personal injury actions governs all § 1983 actions brought in Pennsylvania);[2] (2) the Rooker-Feldman doctrine precluded the District Court from reviewing the state-court forfeiture judgment, see Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291-92 (2005) (explaining that the Rooker-Feldman doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court); and (3) defendants Deputy Attorney General Petit and D.A. Lazzari-Straisser are entitled to prosecutorial immunity for their roles in the forfeiture and return-of-property proceedings, see Yarris v. Cnty. of Del., 465 F.3d 129, 135 (3d Cir. 2006) ("[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.") (quotation and

---

[2] Although the running of a statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), a court may dismiss a claim sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) if it is obvious from the face of the complaint that the claim is barred by the applicable statute of limitations and no development of the record is necessary. See Jones v. Bock, 549 U.S. 199, 215 (2007).

citation omitted). Upon review, the District Court overruled Barren's objections, adopted the magistrate judge's Report and Recommendation, and dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because we granted Barren leave to proceed in forma pauperis, we must screen this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous. An appeal is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Our review confirms that, for the reasons stated by the District Court and magistrate judge, there is no arguable legal basis to challenge the District Court's decision.[3]

Accordingly, we will dismiss this appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because we are able to determine that dismissal is appropriate based on the allegations in the complaint and the relevant state-court docket reports, see S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp., Ltd., 181 F.3d 410, 427 (3d Cir. 1999), Barren's motion to expand the record is denied as unnecessary.

---

[3] Generally, a district court should provide a plaintiff an opportunity to amend his complaint before dismissing it for failure to state a claim. We note, however, that we do not see how Barren could have amended his complaint to overcome the statute-of-limitations and Rooker-Feldman obstacles discussed above. Therefore, any amendment would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

4