# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Morris Barren,                                    :
                                    Appellant          :
                                                       :
                v.                                     :
                                                       :
Pennsylvania State Police, Trooper                     :
Wesley Berkebile, Trooper Sergeant                     :
Anthoney DeLuca, Trooper Mike                          :
Schmidt, Trooper John A. Litchko,                      :
Trooper Michael J. Volk, Trooper Stuart :    No. 893 C.D. 2018
Frome, Office of the Attorney General                  :    Submitted: April 26, 2019
Asset Forfeiture and Money Laundering :
Section, A.G. Gerald J. Pappert, Deputy :
A.G., Jesse D. Pettit, D.A. Lisa                       :
Lazzari-Strasler, Allegheny County, Pa., :
Wilkins Township Police Dept.,                         :
Wilkinsburg Police Dept., Office of the :
D.A. of Allegheny County, Pennsylvania :
Office of the Attorney General,                        :
Sergeant Randy Lamb, Officer Albert                    :
Stanonik, Officer David Brokaw, Agent :
Fran Speranza, Agent Rick Bosco,                       :
Detective Charles Knox, A.D.A. Thomas :
T. Swan, Judge Robert Colville, Judge :
Philip A. Ignelzi, Judge Kate Ford Elliot, :
Judge Susan Peikes Gantman, Judge :
Jacqueline O. Shogan, Individually and :
in their official capacities                           :

## OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                              FILED: October 15, 2019


David Morris Barren (Barren) appeals from the July 26, 2017 and August 30, 2017 Orders of the Court of Common Pleas of Allegheny County (trial court) that sustained various preliminary objections (POs) to Barren's Section 1983, 42 U.S.C.

§ 1983, Complaint, granted a Motion to Dismiss based on Pennsylvania Rule of Civil Procedure 233.1(a), Pa.R.C.P. No. 233.1(a), filed by A.D.A. Thomas T. Swan and Office of the D.A. of Allegheny County (together, District Attorney Appellees), and dismissed the Complaint. Barren's appeal, filed June 28, 2018, challenges the trial court's decision sustaining the POs and dismissing the Complaint on the basis of res judicata. In response to Commonwealth Appellees'[1] and Local Appellees'[2] argument that Barren's appeal is untimely, Barren argues his appeal should be considered timely because the underlying Orders were not mailed to his then-current address, which was in the record, and he acted promptly after receiving the Orders to file his appeal. Barren further asserts the trial court erred in dismissing his claims based on the doctrine of res judicata pursuant to the United States District Court for the Western District of Pennsylvania (District Court) and United States Court of Appeals for the Third Circuit (Third Circuit) decisions, which dismissed Barren's federal complaints based on his failure to state a claim upon which relief could be granted. Commonwealth Appellees and Local Appellees respond the trial court properly applied res judicata because the complaints dismissed by the federal courts

---

[1] Commonwealth Appellees are the Pennsylvania State Police, Pennsylvania Office of the Attorney General, Trooper Michael J. Volk, Agent Fran Speranza, Trooper Mike Schmidt, Deputy A.G. Jesse D. Pettit, A.G. Gerald J. Pappert, Office of Attorney General Asset Forfeiture and Money Laundering Section, Trooper John A. Litchko, Trooper Stuart Frome, Trooper Sergeant Anthoney DeLuca, Agent Rick Bosco, and Trooper Wesley Berkebile. Appellee Allegheny County joins in the brief filed by the Commonwealth Appellees; thus, it will be included in the term Commonwealth Appellees unless separately identified.

[2] Unless separately identified, Local Appellees are District Attorney Appellees, and the Wilkins Township Police Department and its officers Sergeant Randy Lamb, Officer Albert Stanonik, and Officer David Brokaw (collectively, Wilkins Township Appellees). Wilkins Township Appellees join in the brief filed by District Attorney Appellees.

2

and this Complaint are based on the same factual circumstances and raised the same legal issues.[3]

## I. Background
### A. *2003 and 2004 Forfeitures of Property*

On March 4, 2003, police officers searched a hotel room occupied by Barren in Wilkins Township, Allegheny County, Pennsylvania. (Complaint (Compl.) ¶ 91.) This search resulted in the seizure of United States currency, a money counter, and a heat sealer. (*Id.* ¶ 106.) Although initially arrested, Barren was released from custody that same day without being charged with an offense. (*Id.* ¶ 102.) The trial court ordered the forfeiture of the seized property on March 12, 2003, and amended that order on March 13, 2003, to reflect a change in the amount of the forfeited currency. (*Id.* ¶¶ 106-08.) On February 11, 2004, Barren was a passenger in a vehicle that was stopped by Pennsylvania State Police troopers in Somerset County. (*Id.* ¶ 17.) Following a search of the vehicle, United States currency and jewelry were seized. (*Id.* ¶ 26.) Although Barren was arrested, the criminal charges against him were dismissed on February 20, 2004. (*Id.* ¶ 30.) On June 17, 2004, the Commonwealth of Pennsylvania (Commonwealth) filed a petition for forfeiture of the property seized, which the Court of Common Pleas of Somerset County granted on December 14, 2004. (*Id.* ¶¶ 31, 41.)

On December 28, 2011, Barren filed two motions seeking the return of the seized property. The motions were denied as untimely on October 26, 2012, (2003

---

[3] Barren's claims against Honorable Jacqueline O. Shogan, Honorable Susan Peikes Gantman, Honorable Kate Ford Elliot, Honorable Philip A. Ignelzi, and Honorable Robert Colville, were dismissed in a prior proceeding, which was affirmed by this Court in *Barren v. Pennsylvania State Police* (Pa. Cmwlth., No. 2287 C.D. 2015, filed September 27, 2016) (*Barren V*). As indicated in the July 26, 2017 Order, Barren withdrew the Complaint against D.A. Lisa Lazzari-Strasler.

3

forfeiture) and April 22, 2015, (2004 forfeiture). (*Id.* ¶¶ 42, 56, 114, 117.) Barren appealed the October 26, 2012 order, related to the 2003 forfeiture, to the Superior Court, which affirmed on the basis that the motion for return of property was untimely filed. *Commonwealth v. Sixty Eight Thousand Nine Hundred Fifty Dollars in U.S. Currency* (Pa. Super., No. 1857 WDA 2012, filed Nov. 15, 2013), slip op. at 5, *petition for allowance of appeal denied*, 89 A.3d 661 (Pa. 2014). It is unclear whether Barren appealed the April 22, 2015 order involving the 2004 forfeiture.

After his appeals to the Superior Court and the Supreme Court related to the 2003 forfeiture were denied, Barren filed two civil rights actions pursuant to 42 U.S.C. § 1983 against the same defendants named in this matter premised on the 2003 and 2004 forfeitures.

### B. *Barren's Federal Actions*

On May 29, 2014, Barren filed his first federal civil rights action alleging that, in the 2003 forfeiture proceedings, the defendants named in the current Complaint violated his constitutional rights under the color of state law by, *inter alia*, forfeiting Barren's property without giving him notice of those proceedings. *Barren v. Allegheny County*, No. 2-14-cv-00692, (W.D. Pa. Sept. 4, 2014), 2014 WL 4384598 (*Barren I*). Therein, Barren sought monetary damages and "an injunction against [the trial court's orders forfeiting the property] rendering them a nullity, and void." *Id.*, slip op. at ___, 2014 WL 4384598 at *3. A Magistrate Judge recommended that this "[c]omplaint be dismissed pre-service pursuant to [Sections 1915A and 1915(e) of the Federal] Prison Litigation Reform Act[, 28 U.S.C. §§ 1915A, 1915(e),] for failure to state a claim upon which relief can be granted" because Barren's claims were time barred. *Barren I*, slip op. at ___, 2014 WL 4384598 at *1-2. The District Court agreed, finding that Barren admitted that he knew his property had been

forfeited in 2009, but did not file the "lawsuit until 2014, more than four years after he discovered that his property was forfeited allegedly without him being notified." *Id.*, slip op. at __, 2014 WL 4384598 at *2. The District Court concluded that Barren's action was barred by the two-year statute of limitations period associated with Section 1983 actions, as that period "begins to run when the injured party knows or reasonably should know of his injury and its cause." *Id.* (internal quotation marks omitted).

In regard to Barren's claim that the forfeiture proceedings were void ab initio because they were unconstitutional due to his lack of notice, the District Court adopted the Magistrate Judge's Report, which, in addition to finding those claims time barred, determined that they would be barred by the *Rooker-Feldman* doctrine. The District Court observed that, under the *Rooker-Feldman* doctrine, it could not entertain any action "if the relief requested effectively would reverse a state court decision or void its ruling." *Id.* (quoting *In re Dahlgren*, 494 F. App'x 201, 203-04 (3d Cir. 2012)). The District Court concluded that declaring the state court forfeiture proceedings void ab initio would violate the *Rooker-Feldman* doctrine, and barred Barren's "[c]omplaint as to the claimed illegality of the state court forfeiture proceedings." *Id.*, slip op. at __, 2014 WL 4384598 at *2-3. Accordingly, the District Court dismissed Barren's civil rights lawsuit.

The Third Circuit affirmed in a per curiam opinion filed June 12, 2015, explaining that Barren's claims pertaining to the alleged illegal forfeiture were barred by the *Rooker-Feldman* doctrine as those claims sought "to invalidate the state court forfeiture proceedings," namely the trial court's "dismissal of Barren's replevin and 'return of property' actions, and the Superior Court's decision affirming that dismissal." *Barren v. Allegheny County*, 607 F. App'x 130, 132 (3d Cir. 2015)

5

(*Barren II*).  Thus, the Third Circuit held that "the District Court correctly ruled that it lacked jurisdiction over Barren's claims."  *Id.*

Barren filed a second civil rights complaint in the District Court on or about June 27, 2014, based on the 2004 forfeiture, claiming he did not receive notice of those proceedings.  *Barren v. Pa. State Police*, No. 3-14-cv-00134, (W.D. Pa., filed Sept. 19, 2014), 2014 WL 4680737 (*Barren III*).  Barren sought the same relief in this complaint as in the first, including a determination that the state forfeiture proceedings were unconstitutional and void.  *Id.*, slip op. at __, 2014 WL 4680737 at *2-3.  Therein, he claimed to not have notice of the forfeiture of his property until November 2013.  *Id.*, slip op. at __, 2014 WL 4680737 at *2.  A Magistrate Judge again recommended that dismissal pre-service was appropriate because Barren failed to state a claim upon which relief could be granted.  The District Court agreed, holding that Barren's claims as to the illegal forfeiture proceedings were time-barred if he was aware of the forfeiture in 2009 and, if he did not learn of those proceedings until 2013, the claims were nonetheless barred by the *Rooker-Feldman* doctrine.  *Id.*, slip op. at __, 2014 WL 4680737 at *2-3.  The Third Circuit dismissed Barren's appeal from the District Court's decision by order dated June 18, 2015.  *Barren v. Pa. State Police*, 607 F. App'x 132 (3d Cir. 2015) (*Barren IV*).

### C.  Barren's Current Complaint

On July 23, 2015, Barren filed the current Section 1983 Complaint with the trial court, asserting violations of his due process rights under the United States and Pennsylvania Constitutions based upon lack of notice of the 2003 and 2004 forfeiture proceedings.  Barren also asserted claims of abuse of process, breach of fiduciary duty, fraud, invasion of privacy, false imprisonment, and emotional distress.  The named defendants were involved in the underlying criminal investigations, seizure

of the property, forfeiture of the seized property, and denials of Barren's December 28, 2011 motions seeking the return of that property. Count I of the Complaint addressed the 2004 seizure and forfeiture of property and Count II addressed the 2003 seizure and forfeiture of property. As relief, Barren sought to enjoin the orders forfeiting his property, which he contended would render those orders void, as well as an order declaring that the defendants violated his constitutional rights, awarding attorney's fees and costs, and awarding no less than $500,000 in damages. (Compl. ¶¶ 139-42.) In addition to setting out facts related to his claims, Barren acknowledged that he had "filed []other lawsuit[s] pursuant [to] 42 U.S.C. § 1983 dealing with the same set of facts, and[]the same Plaintiff and Defendants," that these lawsuits had been dismissed by the District Court, and were, at the time his Complaint was filed, pending review by the Third Circuit. (Compl. ¶¶ 15-16, 89-90.)

On July 27, 2015, Barren filed a petition for leave to proceed *in forma pauperis*. On October 20, 2015, the trial court *sua sponte* dismissed the Complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.C.P. No. 240(j)(1) (providing that, where a party seeks to proceed *in forma pauperis*, a court may, prior to acting on the petition to so proceed, "dismiss the action, proceeding or appeal if . . . [the court] is satisfied that the action, proceeding or appeal is frivolous"). The trial court found that Barren's claims were barred by res judicata due to the Superior Court's affirmation of the denial of Barren's motions to return property. Barren appealed the trial court's *sua sponte* dismissal of the Complaint to this Court. This Court affirmed the trial court's dismissal of Barren's non-due process claims, but remanded for further proceedings on the due process claims. *Barren v. Pa. State Police* (Pa. Cmwlth., No. 2287 C.D. 2015, filed Sept.

7

27, 2016), (*Barren V*), slip op. at 5, 9 n.6. In doing so, we observed the Superior Court's decision did not address the due process issues and, therefore, did not preclude Barren from asserting those claims in this Complaint.

On remand, various POs and Motions to Dismiss were filed by most of the defendants. Allegheny County (County) asserted the Complaint should be dismissed because, *inter alia*, it was barred by the two-year statute of limitations applicable to Section 1983 claims, Barren failed to set forth a cognizable claim against the County, and Barren did not sufficiently identify a county policy, custom or practice that constituted the moving force behind Barren's injuries. (Record (R.) Item 22.) Commonwealth Appellees sought dismissal of the Complaint alleging, among other reasons, Barren failed to state a due process claim because his claims were barred by res judicata based on the dismissal of Barren's federal complaints, which Barren admitted were grounded on the same set of facts and against the same defendants. (R. Item 25.) District Attorney Appellees asserted that Barren failed to state a claim for a due process violation because those claims were untimely filed and were barred by res judicata pursuant to the federal court decisions. (R. Item 35.) District Attorney Appellees also filed the Motion to Dismiss Pursuant to Civil Rule 233.1, asserting that the basis for dismissing the pro se Complaint pursuant to that Rule appears on the Complaint's face, namely that Barren admitted that he filed other lawsuits based on the same facts and against the same defendants, which had been dismissed. (R. Item 42.) Wilkins Township Police Department, Sergeant Lamb, Officer Stanonick, and Officer Brokaw (collectively, Wilkins Township Appellees) asserted the Complaint failed to state a claim due to res judicata based on *Barren V* and the expiration of the statute of limitations. They further alleged the Complaint

8

named the wrong entity and filed a Motion to Dismiss Pursuant to Civil Rule 233.1. (R. Items 45, 51.)

While the matter was on remand but before the trial court issued its decision on the POs, Barren filed a Motion for Temporary Stay in the Proceedings (motion to stay) dated March 8, 2017, on the basis that he was "being transferred [from the United States Penitentiary at Hazelton (U.S.P. Hazelton)] to a different institution on or about March 10, 2017." (R. Item 36 at 2.) He advised the trial court that "[u]pon arriving at the new institution, [he] w[ould] immediately notify the Court." (*Id.* at 2-3.) The trial court, via order dated March 20, 2017, denied the motion to stay but stated that Barren "shall notify the Court of the name and contact information of his new counselor, so that the undersigned can make the new counselor aware of the next proceeding." (R. Item 38.) Notwithstanding Barren's representation that he was being transferred on or about March 10, 2017, the trial court sent mail to him at U.S.P. Hazelton on March 15, 2017, which was returned to sender as "refused" "unable to forward." (R. Item 43.)

Other parties somehow became aware of Barren's new location. For example, on March 20 and 24, 2017, the District Attorney Appellees filed amended certificates of service indicating they sent a copy of their POs and forwarded copies of the March 9 and 23, 2017 orders of the trial court, that, respectively, set the time for when Barren had to respond to the District Attorney Appellees' POs and Motion to Dismiss, to Barren at the Federal Correctional Institution at Allenwood (F.C.I. Allenwood). (R. Items 39-41.) County Appellees filed an amended certificate of service indicating service of their POs on Barren at F.C.I. Allenwood on April 5, 2017. (R. Item 44.)

9

By letter dated April 11, 2017, Barren sought reconsideration of the trial court's March 20, 2017 order denying his request for a temporary stay, advised the trial court that he had been transferred to F.C.I. Allenwood and provided the address for that institution, as well as the name of his counselor. (R. Item 46.) The trial court denied Barren's request for reconsideration by order dated May 25, 2017. This order was sent to Barren at F.C.I. Allenwood. (R. Item 49.)

After argument on the POs and Motions, the trial court sustained the Commonwealth Defendants' POs to the legal sufficiency of Counts I and II based on res judicata and the preclusive effect of the federal court decisions dismissing Barren's federal complaints, which asserted the same facts and the same claim that he lacked notice of the forfeiture. (July 26, 2017 Order ¶¶ 3-4.) The trial court sustained the County's POs to the legal sufficiency because Barren did not aver facts that would support a claim against the County and did not plead "facts that would support a 'policy' or 'custom' of [the County] that led to [Barren's] alleged injuries." (*Id.* ¶¶ 5-6.) The trial court sustained the Wilkins Township Appellees' POs against some of Barren's claims based on res judicata and this Court's decision in *Barren V*, while also holding that Barren's due process claims did not include allegations against these appellees and that the Complaint named the wrong entity. (*Id.* ¶¶ 7-8.) On these bases, the trial court dismissed the Complaint. The trial court separately addressed the District Attorney Appellees' POs and Motion to Dismiss in its August 30, 2017 Order. Therein, the trial court sustained the POs based on res judicata, granted the Motion to Dismiss, and dismissed the Complaint.[4] (Aug. 30, 2017 Order ¶¶ 2-4.) The Orders were sent to Barren at U.S.P. Hazelton, not at F.C.I. Allenwood.

---

[4] Although Wilkinsburg Police Department and Detective Charles Knox (together, Wilkinsburg Police Appellees) did not file any POs or motions in response to the Complaint, the trial court dismissed the Complaint in its entirety. Barren has not challenged the dismissal of the

On June 6, 2018, the trial court received from Barren a "Notice of Change of Address to Court and Motion for Status Report." (R. Item 59.) Therein, Barren advised the trial court of a new address, the Federal Correctional Institution at Loretto (F.C.I. Loretto), and asked that his address be changed for the record. Barren further requested that the Clerk "provide him with a status report on the proceedings in this matter." (*Id.* at 2.) The trial court's Department of Court Records sent Barren a letter dated June 6, 2018, that it had docketed his Notice of Change of Address, attached to which, it appears, was a copy of a docket page indicating that the Complaint had been dismissed. On June 21, 2018, Barren requested a copy of the July 26, 2017 and August 30, 2017 Orders, asserting he had never received them, and filed a notice of appeal from those Orders. (R. Items 60-61.)

### D. Rule 1925 Statement and Opinion

The trial court directed Barren to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), (Statement), which Barren timely filed. (R. Item 69.) In the Statement, Barren argued that the trial court erred in dismissing his Complaint "without addressing the fact that [Barren] never received 'notice' of the Commonwealth's forfeiture," an issue that has not yet been addressed by any court, despite this Court remanding the matter for the trial court to do so in *Barren V*. (Statement ¶¶ 1, 9.) Barren asserted the trial court erred in relying on the federal court decisions to dismiss his challenge to the constitutionality of the forfeiture proceedings because the dismissals of those claims were based on the District Court's conclusions that it lacked jurisdiction under the *Rooker-Feldman* doctrine,

Complaint as to the Wilkinsburg Police Appellees, and, therefore, any argument that the trial court may have erred in doing so has been waived.

11

and in order for res judicata to apply, the decision had to be issued by a court of competent jurisdiction. (*Id.* ¶ 4.) Barren further argued that there is no time limit to challenge void actions and, because the underlying forfeiture proceedings were unconstitutional for lack of notice, they were void and he could have filed this Complaint at any time. (*Id.* ¶¶ 6-9.)

In its responsive Opinion, the trial court initially pointed out that Barren waived his right to appeal because his appeal was filed in excess of the 30-day period allowed for by Pennsylvania Rule of Appellate Procedure 903(a), Pa.R.A.P. 903(a) (Appellate Rule 903(a)). The trial court then turned to the merits of the arguments Barren raised in the Statement. With regard to Barren's contention that it erred in not addressing the "notice" issue, the trial court explained that "had [Barren] brought this action within the two-year statute of limitations, it would be timely as Civil Rights claims, such as due process claims, are subject to a two-year statute of limitations in Pennsylvania." (Trial Court Opinion (Opinion) at 2-3 (citing *Smith v. City of Pittsburgh*, 764 F.2d 188, 194 (3d Cir. 1985).) However, Barren had not brought those claims within two years of when he knew the property had been "illegally" forfeited, which he admitted was in 2009, and, therefore, as the District Court concluded, Barren's challenge to those forfeiture proceedings was barred by the statute of limitations. (*Id.* at 3 (citing *Barren I*).) Citing to Barren's admission in the Complaint that the federal complaints dealt "with 'the same set of facts, and[] the same Plaintiff and Defendants,'" the trial court stated there was no error in applying res judicata here. (*Id.*) Accordingly, the trial court rejected Barren's claim that there was no time limitation on his challenge to the forfeiture proceedings.

As for Barren's assertion that the District Court dismissed his challenge to the forfeiture proceedings due to a lack of jurisdiction under the *Rooker-Feldman*

12

doctrine, the trial court stated that Barren "misread[] the District Court's Memorandum Order." (*Id.* at 4.) According to the trial court, "[t]he [D]istrict [C]ourt made a . . . finding that . . . Barren's claim was barred by the statute of limitations." (*Id.*) The trial court then explained that the District Court "'also' [gave as] a separate reason for . . . dismiss[ing] . . . the claim . . . that a review of the forfeiture proceeding itself would be a violation of the *Rooker-Feldman* doctrine." (*Id.*) Thus, the trial court indicated its reliance on the District Court decisions as having preclusive effect on this matter was not in error.

## II. Issues on Appeal

### A. *The Timeliness of Barren's Appeal*

By order dated October 10, 2018, this Court directed the parties to address the timeliness of Barren's appeal. Barren argues that his appeal should be considered timely because "the Court-below never notified him of its dismissal" of the Complaint because the Clerk of Courts (Clerk) "sent copies of the Court's orders to [his] prior address rather than his current address." (Barren's Brief (Br.) at 14.) Barren asserts this was a breakdown in court operations that was outside his control because the correct address, F.C.I. Allenwood, was in the record for the Clerk to use. He maintains it was this breakdown that caused his appeal to be untimely filed. Barren explains he only became aware of the dismissal of the Complaint when the Clerk advised him of the dismissal following his advising the trial court of his subsequent move to F.C.I. Loretto. (*Id.*)

Commonwealth Appellees and Local Appellees argue that the untimeliness of Barren's appeal is the result of his own negligence in not informing the trial court and Clerk of his change of address and his appeal should be quashed. Pursuant to Pennsylvania Rule of Civil Procedure 1025 (Civil Rule 1025), Pa.R.C.P. No. 1025,

they assert, all pleadings and legal papers of a pro se party must be endorsed with the address at which the opposing party may serve its papers. They argue Barren did not comply with this requirement and, therefore, there was no breakdown in the court's operations that would justify the relief Barren requests.

Appellate Rule 903(a) requires that an appeal must "be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). This appeal period is jurisdictional in nature and cannot "be extended as a matter of grace or indulgence." *Williamson v. Dep't of Transp., Bureau of Driver Licensing*, 129 A.3d 597, 599 (Pa. Cmwlth. 2015). Thus, an appeal filed outside the appeal period deprives an appellate court of jurisdiction over the appeal. *Id.* at 601. Absent a showing of fraud or a breakdown in a court's operations, or other circumstances not applicable here, an untimely appeal must be quashed. *City of Philadelphia v. Frempong*, 865 A.2d 314, 317 (Pa. Cmwlth. 2005). Here, Barren asserts a breakdown in the trial court's operations occurred because the Clerk did not mail the Orders to his then-current address, F.C.I. Allenwood, which was in the record. We agree.

Pennsylvania Rule of Civil Procedure 236(a)(2), Pa.R.C.P. No. 236(a)(2), requires a prothonotary to "immediately give written notice of the entry of . . . an[] . . . order or judgment to each party's attorney of record or, if unrepresented, to each party." Commonwealth Appellees and Local Appellees rely on Civil Rule 1025 to assert that Barren did not comply with his obligation to inform the trial court of his change of address, but in *King v. Riverwatch Condominium Owners Association*, 27 A.3d 276, 280 (Pa. Cmwlth. 2011), we explained that compliance with Civil Rule 1025 has no effect on providing notice to the court as to where a prothonotary sends Rule 236 notices of the entry of an order. "[T]he only purpose of the requirement in

14

[Civil] Rule 1025 . . . is to provide an address to which further pleadings can be mailed, . . . not to provide the [court] with a[n] . . . address for Rule 236 purposes." *Id.* Thus, whether Barren complied with Civil Rule 1025 has no bearing on whether the Orders were properly sent to Barren by the trial court. Nonetheless, a review of the record reveals that Barren not only complied with Civil Rule 1025's requirement that he include the address to which further pleadings could be mailed, but also separately informed the trial court of his change of address prior to the issuance of the Orders.

When Barren filed the Complaint, he was confined at U.S.P. Hazelton. In March 2017, Barren notified the trial court that he was "being transferred to a different institution on or about March 10, 2017," and that "[u]pon arriving at the new institution, [he] w[ould] immediately notify the Court." (R. Item 36 at 2-3.) The trial court acknowledged this filing and directed Barren to "notify the Court of the name and contact information of his new counselor, so that the undersigned can make the new counselor aware of the next proceeding." (R. Item 38.) Notwithstanding that Barren was in the process of being transferred, the trial court mailed something to him at U.S.P. Hazelton on March 15, 2017, which was returned to the trial court as undeliverable, thereby placing the trial court on notice that this address may not be correct. (R. Item 43.) In accordance with the trial court's directive, Barren advised the trial court on April 11, 2017, in his motion for reconsideration of the denial of his stay request, that he had been transferred to F.C.I. Allenwood and provided the address of that institution and his counselor's name. (R. Item 46.) Despite Barren's notifying the trial court of his new address and the name of his new counselor, as directed by the March 20, 2017 order, the docket does not reflect that change. Notwithstanding the lack of change to the docket, the trial

15

court sent its May 25, 2017 order denying the motion for reconsideration **to Barren at F.C.I. Allenwood**. However, the trial court sent the Orders sustaining the POs, granting the Civil Rule 233.1 Motion, and dismissing the Complaint **to Barren at U.S.P. Hazelton**, not to the address he updated with the trial court in April 2017 and previously used by the trial court. Given that Barren advised the trial court that he was being transferred to a new institution, the trial court's directive that he update his information upon completion of the transfer, Barren's compliance with that directive on April 11, 2017, several months before the Orders were issued, and the fact that the trial court actually sent an order to Barren at F.C.I. Allenwood in May 2017, we agree with Barren that the failure to send the Orders to Barren at the proper address constitutes a breakdown in the court's operations. Therefore, we will consider the merits of his appeal.

> *B. Bases for Granting POs and Dismissing the Complaint Unrelated to the Federal Court Decisions.*

The trial court sustained several of the appellees' POs on a number of grounds unrelated to the federal court decisions. The trial court's July 26, 2017 Order sustained the County's POs demurrers to the Complaint based on Barren's failure to state a claim for reasons other than res judicata due to the federal court decisions. (July 26, 2017 Order ¶¶ 5-6.) Also in that Order, the trial court sustained the Wilkins Township Appellees' POs that the non-due process claims against them were dismissed in *Barren V* and that Barren named the wrong entity as a party. (*Id.* ¶¶ 7-8.) In its August 30, 2017 Order, the trial court granted District Attorney Appellees' Motion to Dismiss pursuant to Civil Rule 233.1, as well as their POs based on res judicata and the federal court decisions. While Barren challenges the latter basis for the dismissal of his Complaint, he does not separately argue that granting the Motion

16

to Dismiss was erroneous.  Nor does Barren challenge the other bases provided by the trial court for dismissal of these claims.

Because Barren does not address in his appellate brief the trial court's dismissal of the Complaint as to these appellees on these other bases, Barren has waived any challenge thereto.  *Rapid Pallet v. Unemployment Comp. Bd. of Review*, 707 A.2d 636, 638 (Pa. Cmwlth. 1998).  "We may affirm on other grounds where grounds for affirmance exist."  *FP Willow Ridge Assocs. v. Allen Twp.*, 166 A.3d 487, 496 n.11 (Pa. Cmwlth. 2017) (internal quotation marks and citation omitted), *petition for allowance of appeal denied*, 178 A.3d 106 (Pa. 2018).  Accordingly, we affirm the trial court's July 26, 2017 Order and August 30, 2017 Order in this regard and its dismissal of the Complaint as to these parties.

### C. Res Judicata

Barren asserts the trial court erred in sustaining the POs based on res judicata premised on the expiration of the two-year statute of limitations because the District Court dismissed his challenges to the unconstitutionality of the forfeiture proceedings pursuant to the *Rooker-Feldman* doctrine.  Barren observes that, contrary to this Court's decision in *Barren V*, remanding to address his claims that he did not receive notice of the underlying forfeiture proceeding, no Court has addressed the merits of his arguments yet.  The District Court, he contends, did not do so because it lacked jurisdiction to consider that issue, and the trial court did not do so here, despite the remand instructions.

The Commonwealth Appellees assert that the trial court properly held Barren's Complaint was barred by res judicata and the federal decisions.  Because it is clear from the facts set forth in the Complaint that this matter and the federal action involved the same facts, same parties, and same claims, the Commonwealth

Appellees argue the requirements for res judicata are satisfied. They point out, as the trial court explained in its Rule 1925(a) Opinion and the District Court in *Barren I*, that Section 1983 claims are subject to a two-year statute of limitations and that the Complaint challenging the forfeiture of his alleged property, of which he was aware in 2009, was not filed within the required two-year period. The Commonwealth Appellees also argue that Barren's continued assertion that his federal claims challenging the forfeiture as unconstitutional were dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine is misplaced because "[t]he [D]istrict [C]ourt made a separate finding that . . . Barren's claim was barred by the statute of limitations," and the *Rooker-Feldman* doctrine was an **additional** basis for dismissing Barren's claim had it been timely filed. (Commonwealth Appellees' Br. at 14 (quoting Opinion at 4).) They further argue that the issue of notice has been discussed to the extent the trial court held that, had Barren timely filed his claim, that could have been an issue raised. Finally, according to the Commonwealth Appellees, no forfeiture judgment has been declared void and Barren's challenges to those judgments were properly declared time-barred by the District Court in *Barren III*.

The doctrine of res judicata or claim preclusion precludes "parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication." *Wilkes v. Phoenix Home Life Mut. Ins. Co.*, 902 A.2d 366, 376 (Pa. 2006). The purpose of the doctrine is "to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with an original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed." *Id.* "It is well settled that for the doctrine of res judicata to prevail there

18

must be a concurrence of four conditions: 1) identity of issues, 2) identity of causes of action, 3) identity of persons and parties to the action, and 4) identity of the quality or capacity of the parties suing or sued." *Safeguard Mut. Ins. Co. v. Williams*, 345 A.2d 664, 668 (Pa. 1975). However, the judgment upon which a res judicata claim is based must be a final, valid judgment **on the merits** of the claim "**by a court of competent jurisdiction**." *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (emphasis added). Further, the issue sought to be precluded from being raised in the subsequent litigation had to "have been necessary to final judgment on the merits." *Id.*

Initially, we note that to the extent the trial court and Commonwealth Appellees rely on the federal court decisions related to the 2003 forfeiture, *Barren I* and *II*, to sustain the Commonwealth Appellees' PO, they do so in error. Barren's claims against the Commonwealth Appellees derive from the 2004 forfeiture proceedings, not the 2003 forfeiture proceedings. Therefore, the facts relied upon by the federal courts in *Barren I* and *II* are not the facts relevant to Barren's allegations against these appellees.

A review of *Barren III* and *IV*, which are based on the 2004 forfeiture, reveal there may have been error in the Magistrate Judge's recommendation that the claims based on the 2004 forfeiture were time-barred because that judge cited facts relevant to the 2003 forfeiture (the date Barren became aware that his property had been forfeited in 2003, which was alleged to be earlier than when he became aware of the 2004 forfeiture). *Barren III*, slip op. at __, 2014 WL 4680737 *2-3. Recognizing the potential error related to dismissing based on the statute of limitations, the District Court concluded that the Magistrate Judge properly held that the federal courts lacked jurisdiction to address Barren's claims challenging the forfeiture

19

proceedings. *Id.* The District Court held that because Barren "was essentially asking th[e District] Court to act in an appellate capacity to the state court's forfeiture proceedings" by asking that court to issue "an injunction against the forfeiture order of the state court 'rendering the Order of a Court a [nullity] [sic] and therefore [void] [sic],'" the federal courts were precluded from entertaining Barren's action as "the relief requested effectively would reverse a state court decision or void its ruling." *Id.*, slip op. at __, 2014 WL 4680737 at *3 (internal quotation marks and citations omitted) (alterations in original). Indeed, it stated that "it could not be clearer that *Rooker-Feldman* bars [Barren's] claims concerning the state court forfeiture proceedings." *Id.* The District Court's decision was confirmed by the Third Circuit in *Barren IV*. 607 F. App'x at 132.

Under *Rooker-Feldman*, "a district court is precluded from entertaining an action, that is, the federal court **lacks subject matter jurisdiction**, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 192 (3d Cir. 2006) (emphasis added). It is a "jurisdictional bar." *Id.* Because the federal courts lacked subject matter jurisdiction, the decisions in *Barren III* and *IV* cannot be relied upon to assert res judicata because those decisions cannot be said to be a final, valid judgment **on the merits** of Barren's claim that the 2004 forfeiture proceedings violated his due process rights "**by a court of competent jurisdiction**." *Balent*, 669 A.2d at 313 (emphasis added). Accordingly, the trial court erred in sustaining the Commonwealth Appellees' PO based on res judicata and the federal courts' decisions in *Barren III* and *IV*.

20

*D. Statute of Limitations*

Commonwealth Appellees offer an alternative reason for affirming: that Barren's claims are barred by the two-year statute of limitations, which it also raised as a PO before the trial court. Barren responds that the application of the two-year statute of limitations on his claims would be erroneous because the two-year statute of limitations is inapplicable to his claims challenging the underlying forfeiture proceedings. Barren maintains there is no limitations period to challenge the 2004 forfeiture judgment because those judgments were void for lack of notice. (Barren's Br. at 15, 20 (citing *M & P Mgmt., L.P. v. Williams*, 937 A.2d 398, 402 (Pa. 2007); *United States v. One Toshiba Color Television*, 213 F.3d 147, 157 (3d Cir. 2000).) Without proper notice, Barren contends, the courts granting forfeiture lacked jurisdiction. A void judgment, he argues, "must be treated as having never existed" and is not entitled to respect as a valid adjudication. (*Id.* at 15-16 (citing *Rieser v. Glukowsky*, 646 A.2d 1221, 1224 (Pa. Super. 1994), *superseded by rule on other grounds as recognized in Tauss v. Goldstein*, 690 A.2d 742 (Pa. Super. 1997)).)

The applicable statute of limitations for a Section 1983 claim is two years. *Morgalo v. Gorniak*, 134 A.3d 1139, 1149 n.13 (Pa. Cmwlth. 2016). A statute of limitations begins to run when a cause of action accrues. The "discovery rule" tolls the statute of limitations period "in any case in which a party is reasonably unaware . . . that he or she has suffered an injury and its cause." *Gleason v. Borough of Moosic*, 15 A.3d 479, 485 (Pa. 2011). The limitations period begins when "the plaintiff was able, through the exercise of reasonable diligence, to know that he or she had been injured and by what cause." *Id.* When "the prescribed statutory period has expired, the complaining party is barred from bringing suit." *Id.* at 484.

21

The Complaint was filed with the trial court in July 2015, and therein Barren admitted that he filed a motion for return of property related to the 2004 forfeited property in December 2011. Thus, even if Barren initially was unaware of the forfeiture of his property and the discovery rule was applied, the latest he can claim to have been unaware of the forfeiture was December 2011. Clearly, more than two years passed between December 2011 and July 2015.

Although Barren cites cases he believes support his claim that his Section 1983 action is not subject to any limitations period because the 2004 forfeiture order was void, only one of those cases was a Section 1983 case, and that case involved a challenge to a judgment claimed to be void but which had been declared valid in other proceedings. *Woosley v. The U.S. District Court*, No. CV-15-4778 2016, (E.D. Pa. Aug. 10, 2016), WL 4247561. The others involved direct challenges to the alleged void orders. *See, e.g.*, *One Toshiba Color Television*, 213 F.3d at 156 (motion to vacate judgment); *M & P Mgmt.*, 937 A.2d at 490-91 (petition to strike confessed judgment); *Clark v. Troutman*, 502 A.2d 137 (Pa. 1985) (action to stay execution and open a judgment); *Flynn v. Casa Di Bertacchi Corp.*, 674 A.2d 1099 (Pa. Super. 1996) (petition to open/strike default judgment); *Rieser*, 646 A.2d at 1223 (petition to open judgment *non pros*). Therefore, those cases do not aid our review of the action filed here.

Barren also argues, citing *Chase Securities Corporation v. Donaldson*, 325 U.S. 304, 314 (1945), that statutes of limitation do not destroy fundamental rights, such as his right to notice, but go to matters of remedy. Section 1983 does not create substantive rights, but provides a remedy for rights established under other substantive provisions of law. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985). Statutes of limitations can be asserted in proceedings that seek to remedy an alleged

22

void order, such as a return of property or monetary relief. *One Toshiba Color Television*, 213 F.3d at 156-58. Through the Complaint, Barren **seeks remedies** based on the issuance of an order he claims is void. But that order has not been declared void. Those remedies, however, are subject to the statute of limitations, which has expired. This Court may affirm on any grounds apparent from the record. *FP Willow Ridge Assocs.*, 166 A.3d at 496 n.11. Therefore, the trial court did not err in dismissing the Complaint as to Commonwealth Appellees.

### III.   Conclusion

For the foregoing reasons, we affirm the July 26, 2017 and August 30, 2017 Orders.

Judge McCullough did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

David Morris Barren, : 
                   Appellant : 
                             : 
            v. : 
                             : 
Pennsylvania State Police, Trooper : 
Wesley Berkebile, Trooper Sergeant : 
Anthoney DeLuca, Trooper Mike : 
Schmidt, Trooper John A. Litchko, : 
Trooper Michael J. Volk, Trooper Stuart :   No. 893 C.D. 2018
Frome, Office of the Attorney General : 
Asset Forfeiture and Money Laundering : 
Section, A.G. Gerald J. Pappert, Deputy : 
A.G., Jesse D. Pettit, D.A. Lisa : 
Lazzari-Strasler, Allegheny County, Pa., : 
Wilkins Township Police Dept., : 
Wilkinsburg Police Dept., Office of the : 
D.A. of Allegheny County, Pennsylvania : 
Office of the Attorney General, : 
Sergeant Randy Lamb, Officer Albert : 
Stanonik, Officer David Brokaw, Agent : 
Fran Speranza, Agent Rick Bosco, : 
Detective Charles Knox, A.D.A. Thomas : 
T. Swan, Judge Robert Colville, Judge : 
Philip A. Ignelzi, Judge Kate Ford Elliot, : 
Judge Susan Peikes Gantman, Judge : 
Jacqueline O. Shogan, Individually and : 
in their official capacities : 

**PER CURIAM**                       **O R D E R**

     **NOW**, October 15, 2019, the Orders of the Court of Common Pleas of Allegheny County, dated July 26, 2017, and August 30, 2017, are **AFFIRMED**.